HELEN BAKER, RESPONDENT, v. JAMES H. POPE,
APPELLANT.

*Chapter* 646, *Laws of* 1873—" *Civil damage law*"—*constitutionality of*.

Chapter 646, Laws of 1873, known as the "civil damage law," is constitutional
and valid. It is part of the general excise law. The legislature intended to
impose upon every person who took out a license to sell liquor, as well as upon
such as should sell without a license, the condition that they should be liable
in damages for the injuries done by the purchasers of such liquors, if intox-
icated thereby.

Quære, whether the license could be given in evidence, in mitigation of damages,
under a general denial.

APPEAL by the defendant from an order of the Special Term,
sustaining a demurrer to part of defendant's answer.

The action is brought under chapter 646, of the Laws of 1873,
entitled "An act to suppress intemperance and crime," commonly
known as "the civil damage law." The complaint alleges sales by
the defendant, a retail liquor dealer, of liquor to plaintiff's hus-
band, who thereby became intoxicated, squandered his earnings,
destroyed his and plaintiff's property, injured plaintiff personally
and in her means of support, and demands damage in the sum
of $600.

The answer consists, first, of a general denial; and, secondly,
sets up that at the times of such sales of liquor to plaintiff's hus-
band, the defendant was duly licensed under the State and United
States laws, to make such sales.

To the second defense, the plaintiff interposed this demurrer,
which was sustained, with leave to amend the answer within
twenty days, on payment of the costs of the demurrer by the
defendant.

*B. W. & C. M. Woodward*, for the appellant.

*W. L. Norton*, for the respondent.

BOARDMAN, J. :

The position of the appellant is substantially this : By the
excise law he was permitted to sell to the plaintiff's husband,

liquors, as charged in the complaint. By the law of 1873, * the appellant is made liable for the damages caused by such lawful act. Hence, the two laws are in conflict, and the latter is of no force or validity as applied to a lawful sale. If such conclusion be not correct, and damages arising from a lawful sale are contemplated, it is then claimed that the act of 1873 is not constitutional, because it impairs the contract between the excise board and the person taking out a license. For a good consideration the excise board have given to the appellant the right to sell liquors. Any law which deprives the appellant of the fruits of such contract, by making him liable in damages to third persons for the indiscretion or willful misconduct of the buyer of such liquors, whereby such damages are caused, must be unconstitutional and void. Such are understood to be the views of the appellant; and for such reasons he asks that the order of the Special Term should be reversed.

The law of 1873 must be construed as part of the general excise law, under which licenses are granted. They are to be read as one act. So read, it is plain the legislature intended to impose upon every person who took out a license to sell liquor, as well as upon such as should sell without a license, the condition that they should be liable in damages for the injuries done by the purchasers of such liquors, if intoxicated thereby. The seller is bound by the law to exercise judgment and discretion in making his sales, and if he fails in this respect he becomes liable for consequences. The act was intended to apply to all persons selling liquor, whether with or without a license. For, by the last part of the first section, a special penalty is imposed upon persons who shall unlawfully sell or give away liquors, whereby they forfeit their rights as tenants under any lease of the premises. This provision is undoubtedly inserted for the protection of landlords against a continued liability for an unlawful use of their premises. But, in connection with the other parts of the section, it shows conclusively an intent to make liquor sellers, with or without a license, liable for the damages specified in the act.

Such being the purpose of the act, is there any irreconcilable inconsistency in its provisions? I think not. It is no more inconsistent than various parts of the excise law forbidding sales to

* Chapter 646.

minors, or on Sundays, etc., under certain penalties therein named. It does not forbid the sale, but attaches a liability, by reason of certain consequences of the sale. It imposes upon the seller the duty of guarding his conduct, so as to produce no mischievous results. He must not use his license to aid the poor in squandering the means necessary for the aid and support of families or the education of children. If his abuse of his license leads to such results, the law makes him liable for such damages as ensue.

Upon such a construction no constitutional objection arises. As the right of the legislature to restrain the sale of liquors is unquestionable, the person taking a license is subject to all existing laws, and to such as may thereafter be passed. The right given is personal, and may be wholly taken away, or it may be restricted or burdened with conditions or penalties, to any extent the law making power may deem proper. It is not a contract depriving the legislature of the right to act.

Whether the license may be given in evidence, by way of mitigation of damages, is not clear. If it can be, I think the weight of authority would allow such evidence under the general denial in the answer. *

It is not, however, necessary to decide that point now. The facts set up in the second part of the answer are alleged as a defense. We have seen they do not constitute a defense. If they are to be used by way of mitigation, the defendant must decide whether an amendment of the answer be necessary for that purpose, and if so, avail himself of the leave given.

Upon the whole case, we think the order of the court below, sustaining the demurrer, was correct, and should be affirmed with ten dollars costs of this appeal, with leave to the defendant to amend his answer, if he shall be so advised, within twenty days, upon payment of costs of demurrer and of this appeal.

Present — MILLER, P. J., BOCKES and BOARDMAN, JJ.

Ordered accordingly.

* Moak's Van S. Pl., 550, 586, 587, 566, 567, and cases cited.